IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 AUG 26 P 2: 29

CLERK_____
SO. DIST. OF GA.

JAMES GADDY,

    Petitioner,

vs.

SUZANNE HASTINGS, Warden,

    Respondent.

CIVIL ACTION NO.: CV213-087

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Gaddy ("Gaddy"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Return, and Gaddy filed a Traverse. For the reasons which follow, Gaddy's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Gaddy was convicted, following a jury trial, in this Court for kidnapping (which resulted in the death of the victim) and other related charges. On March 10, 1989, the Honorable B. Avant Edenfield sentenced Gaddy to life imprisonment on the kidnapping charge and to five- to ten- year concurrent sentences on the remaining counts. Gaddy unsuccessfully appealed his convictions and sentences to the Eleventh Circuit Court of Appeals. United States v. Gaddy, 894 F.2d 1307 (11th Cir. 1990).

In 2012, Gaddy filed a "Motion for Miscellaneous Relief" and attempted to reopen his sentencing. Gaddy argued that the Court erred in failing to state its reasons

for the sentence imposed as required by 18 U.S.C. § 3553(c) and Section 4A1.3 of the Sentencing Guidelines. Judge Edenfield denied Gaddy's motion, explaining that "[o]nly under very limited circumstances may this Court modify an imposed term of imprisonment, and none of those circumstances are present here." United States v. Gaddy, CR488-032 (S.D. Ga. 2012), Doc. No. 128. Judge Edenfield found that Gaddy's argument based on United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir. 1990), was inappropriate as that case examined a direct appeal and merely cites the general rule that a court should support its sentence with sufficient reasons. (Id.).

In this § 2241 petition, Gaddy contends that the Bureau of Prisons ("BOP") is executing his sentence improperly in violation of 18 U.S.C. § 3621 and BOP Policy Statement 5100.08 by incarcerating him pursuant to a "Judgment of Commitment [that] had no accompanying 'statement of reason'." (Doc. No. 1, p. 2).[1] Gaddy contends the BOP is incarcerating him pursuant to a sentence it knows to be illegal and that the BOP "should have refused to accept the Judgment of Commitment without the mandatory 'statement of reasons'." (Id. at p. 3).

Respondent argues that Gaddy's petition actually seeks to invalidate his sentence; thus, Respondent contends this Court is without jurisdiction because Gaddy's claim is within the purview of 28 U.S.C. § 2255. Respondent further submits that Gaddy is lawfully incarcerated pursuant to 18 U.S.C. § 3621 and that BOP Program Statement 5100.08 does not govern the validity of Gaddy's sentence.

## DISCUSSION AND CITATION TO AUTHORITY

Gaddy's petition is based on the central claim that Respondent is "unlawfully executing [Gaddy's] sentence, by virtue of a void and illegal sentence." (Doc. No. 1, p.

---

[1] Gaddy again cites to Parrado in support of his allegations.

2

1). Gaddy alleges that in sentencing him, the Court failed to state the reasons for imposing a life sentence, "thus rendering [Gaddy's] sentence unlawful under 18 U.S.C. § 3742(d)(1)." (Id. at p. 2). Gaddy contends that because "the District Court Judge failed to provide a Statement of Reasons . . . Respondent is currently executing [Gaddy's] sentence unlawfully." (Id.). Gaddy's petition clearly contests the validity of his sentence, a claim which falls under the ambit of 28 U.S.C. § 2255.[2]

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis added). To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

---

[2] The undersigned notes it would be futile to recharacterize Gaddy's petition under § 2255. Gaddy's conviction was final over twenty years ago, making a § 2255 motion raised now decades too late. See 28 U.S.C. § 2255(f).

3

applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Gaddy did not apply for relief, by § 2255 motion, to this Court – the court which sentenced him. Therefore, Gaddy bears the burden of presenting evidence that shows why a § 2255 remedy would be inadequate or ineffective. Gaddy fails to demonstrate that his habeas corpus claim is based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense; therefore he has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Gaddy cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Gaddy is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Gaddy's petition for writ of habeas corpus be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of August, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)