# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JAMES GADDY,

    Petitioner,

vs.

CIVIL ACTION NO.: CV213-087

SUZANNE HASTINGS, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. In his Objections, Gaddy claims the Magistrate Judge's Recommendation conflicts with Mora v. Warden, 476 Fed. App'x 850 (11th Cir. 2012), because Gaddy argues that the Bureau of Prisons "cannot properly execute his sentence." (Doc. No. 11, p. 2). Gaddy cites to case law from the Second Circuit in support of his arguments that the Bureau of Prisons has not demonstrated he is lawfully incarcerated and that because he "did not attack his sentence on appeal he procedurally defaulted the claim, thus rendering § 2255 ineffective and/or inadequate." (Id. at p. 3). Gaddy reiterates his contention that his § 2241 petition is not a collateral attack on his sentence. Gaddy also asserts that "the impediment created by the Government further provided Gaddy with a new one year limitation period." (Id.).

In support of his argument that his petition attacks the execution of his sentence, Gaddy attempts to analogize his petition to that of the petitioner in Mora.[1] Gaddy's

---

[1] In Mora, the petitioner filed a § 2241 petition in order to pursue his claim that the Bureau of Prisons incorrectly classified him as a sex offender based on what he alleged to be inaccurate information contained in his presentence report. Mora, 476 Fed. App'x at 851. The Eleventh Circuit Court of

petition is unlike the petitioner's in Mora. Gaddy argues that Respondent is "unlawfully executing [Gaddy's] sentence, *by virtue of a void and illegal sentence.*" (Doc. No. 1, p. 1) (emphasis added). Gaddy seeks to be "restored to his liberty" as a result of the instant petition. (Doc. No. 1, p. 3). As the Magistrate Judge correctly stated, Gaddy's § 2241 petition clearly contests the validity of his sentence, a claim which falls under the ambit of § 2255.

As discussed in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), and in the Magistrate Judge's Report, the availability of § 2241 relief is only triggered when a motion under 28 U.S.C. § 2255 is inadequate or ineffective to collaterally attack the validity of a conviction or sentence. A motion under § 2254 is "inadequate or ineffective" when a prisoner's claim: "1) is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Gaddy fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was

---

Appeals concluded that if the petitioner's claim was construed as attacking his conviction or sentence, the district court correctly determined that such an argument could only be brought pursuant to § 2255 and § 2241 relief should be denied. The Eleventh Circuit remanded the case for further consideration, however, because in light of the petitioner's *pro se* status the petition "seem[ed] to challenge the execution of his sentence; it [sought] a due process hearing regarding BOP's classification of him as a sex offender." Id., 476 Fed. App'x at 852.

foreclosed from raising these claims in a previously-filed motion. Gaddy has not demonstrated that he has satisfied the requirements of § 2255's savings clause; therefore, Gaddy is not entitled to § 2241 relief. Gaddy's objections based on Levine v. Apker, 455 F.3d 71 (2nd Cir. 2006), and Bellomo v. United States, 297 F. Supp.2d 494 (E.D.N.Y. Oct. 8, 2003), are not determinative on this Court's decision. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) ("Under the established federal legal system the decisions of one circuit are not binding on other circuits."). In addition, to the extent that Gaddy intends to allege that the one year statute of limitations applicable to § 2255 petitions leaves § 2255 inadequate or ineffective, that argument is without merit. The limitations period applicable to § 2255 petitions does not render the habeas remedy inadequate or ineffective. Chaplin v. Hickey, 2008 WL 2775879 at *3 (S.D. Ga July 16, 2008) (Wood, C.J.) (citing Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1271 n.3 (11th Cir. 2000)).

Gaddy's Objections are overruled. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Gaddy's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___ day of _____October_____, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)